IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CASEYVILLE HOSPITALITY GROUP LLC** *doing business as* **America's Best,** | |
| **Plaintiff,** | |
| v. | Case No. 3:23-CV-03586-NJR |
| **BERKSHIRE HATHAWAY GUARD INSURANCE COMPANIES,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case.").

On November 3, 2023, Defendant AmGUARD Insurance Company ("AmGUARD") removed this case to federal court. (Doc. 1; see also Doc. 10). AmGUARD alleges jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 1.). Based on the current Notice of Removal, however, the Court cannot determine whether subject matter jurisdiction exists.

AmGUARD alleges that the parties are diverse because Caseyville Hospitality Group LLC's place of incorporation and principal place of business are both in Caseyville, Illinois,

while AmGUARD's place of incorporation is in Nebraska with its principal place of business in Pennsylvania. (Doc. 1, p. 2). But this is insufficient to establish the diversity of the parties because the Notice of Removal fails to establish the citizenship of *all* of the members of Caseyville Hospitality Group LLC. *See Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012) ("a limited liability company's citizenship includes every state of which any unit holder is a citizen"); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (the notice of removal must identify each member of the LLC and the citizenship of each of those members). While the Court can look to other evidence in the record to see if the requirements of diversity have been satisfied, *see Med. Assurance Co., Inc. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010), the record here is insufficient. AmGUARD fails to identify the members of Caseyville Hospitality Group LLC or their individual places of incorporation and principal places of business. Thus, the Court cannot determine whether the parties are actually diverse.

AmGUARD also alleges that the amount in controversy requirement has been met because the difference between the amount Caseyville claimed after the deductible adjustment and the amount that AmGUARD has paid is $130,499.99. (Doc. 1, p.3). When a case is removed to federal court, the amount in controversy is determined by looking to the facts alleged in the plaintiff's complaint at the time that the notice of removal was filed. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). The complaint in this case requests non-monetary relief in the form of an appraisal umpire appointment. (Doc. 1-2). Despite this, AmGUARD appears to be arguing that the difference between the amount claimed and the amount paid can be used to satisfy the amount in controversy requirement. The Court is unsure what authority AmGUARD is using to support this argument.

It is well established that in actions for declaratory or injunctive relief, the amount in

controversy is established by the value of the object of the litigation. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted). The value of the object can be determined either by what the plaintiff stands to gain or what it will cost the defendant to meet plaintiff's demand. *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799-800 (7th Cir. 2003). In this case, however, the non-monetary relief sought is merely the appointment of an umpire to make an impartial appraisal of the situation. The Court has not seen any evidence that this appointment has a monetary value that exceeds $75,000, exclusive of interest and costs, for either party. AmGUARD also has not referred to anything that supports the argument that the difference between the amount paid to date and the amount that was claimed on Caseyville's proof of loss is the actual object of the request for non-monetary relief in this case.[1]

Accordingly, Defendant is **ORDERED** to file an Amended Notice of Removal no later than **December 28, 2023,** which clearly sets forth the citizenship of every member of the Caseyville Hospitality Group LLC and details how a complaint requesting the appointment of an appraisal umpire satisfies the amount in controversy requirement.

**IT IS SO ORDERED.**

DATED:   December 7, 2023

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] The Court reiterates that the amount in controversy requirement must be satisfied on the face of the complaint. The arguments made in AmGUARD's Answer (Doc. 6) cannot be used to establish subject matter jurisdiction.