IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CASEYVILLE HOSPITALITY GROUP, LLC,** *doing business as* **American Best Inn,** <br><br> **Plaintiff,** <br><br> v. <br><br> **AMGUARD INSURANCE COMPANY,** *substituted for Berkshire Hathaway Guard Insurance Companies,* <br><br> **Defendant.** | Case No. 3:23-CV-03586-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Caseyville Hospitality Group LLC ("Caseyville") filed a Petition in the Circuit Court of St. Clair County, Illinois (Case No. 23-Mr-0228), on October 4, 2023, seeking the appointment of an appraisal umpire for an ongoing insurance dispute. (Doc. 1-2). On November 3, 2023, Defendant AmGUARD Insurance Company ("AmGUARD") filed a Notice of Removal with this Court. (Doc. 1). Now pending before the Court is a Motion to Remand to State Court (Doc. 23) filed by Caseyville. For the reasons set forth below, this motion is denied.

In the original petition, Caseyville sought the appointment of an appraisal umpire for an ongoing insurance dispute related to damage incurred at 2423 Old Country Inn Dr., Caseyville, Illinois, on March 3, 2021. (Doc. 1-2). Following the damage, Caseyville made a claim with their property insurer, AmGUARD. (*Id.*). Both parties retained an

appraiser to provide a property damage estimate. AmGUARD's estimate was significantly lower than Caseyville's. (*Id.*). The governing insurance policy states that if the parties are unable to agree on the amount of loss "[Petitioner] or [Respondent] can ask a judge of a court to select an umpire." (*Id.*). In accordance with this policy, Caseyville filed their petition. (*Id.*). AmGUARD then sought timely removal of this case to the Southern District of Illinois pursuant to diversity jurisdiction.[1] (Doc. 1).

Shortly after, Caseyville filed a Motion to Remand and now argues that this Court does not have proper subject matter jurisdiction because there is no amount in controversy. (Doc. 24). This claim is rooted in the fact that the only relief sought is the appointment of an appraisal umpire—a non-monetary form of relief. (*Id.*). AmGUARD argues that the amount in controversy is satisfied by the underlying amount at stake in the pending appraisal. (Doc. 26). The Court agrees.

In order to remove a case, the proponent of removal has the burden of showing that the requisite amount in controversy requirement is met by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). A good faith estimate of the amount in controversy is acceptable so long as it is plausible. (*Id.*). It is well established that in actions for declaratory or injunctive relief, the amount in controversy is established by the value of the object of the litigation. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333,

---

[1] This Court previously entered an order requesting an amended notice that more clearly established this Court's diversity jurisdiction. (Doc. 11). The Court specifically requested more detailed information on the citizenship of Caseyville per its status as an LLC and additional support for the claim that the amount in controversy could be met even though the only relief requested was the appointment of an umpire. (*Id.*). The complete diversity of the citizenship of the parties was established when Caseyville filed their Disclosure Statement as requested by AmGUARD. (Docs. 18, 21). The question of the amount in controversy will now be resolved with this order.

347 (1977). The value of the object of the litigation is the "pecuniary result" that either the plaintiff or defendant ultimately receives after the Court grants the requested injunction or declaratory judgment. *Am.'s Moneyline, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004) Once the proponent of removal has plausibly explained how the stakes exceed the requisite amount in controversy threshold, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 732 (7th Cir. 2021). Thus, the underlying "stakes" of the non-monetary relief requested determine the amount in controversy.

For example, within the context of a petition to compel arbitration, the amount in controversy is determined by looking at the stakes of the arbitration. *Id.* (citing *Am. Bankers Life Assurance Co. v. Evans*, 319 F.3d 907 (7th Cir. 2003). Thus, if the maximum award resulting from the arbitration can exceed $75,000, exclusive of interest and costs, then the amount in controversy is satisfied. *Id.* Similarly, within the context of insurance actions—like that at issue here—the value of the object of the litigation can be both the cost of a defense and *the potential cost* of indemnification. *RSUI Indem. Co. v. JMT Dev. Inc.*, 572 F. Supp. 3d 482, 486 (N.D. Ill. 2021) (quoting *Ware,* 6 F.4th at 732 (emphasis added). Thus, once the removing party has plausibly alleged that the potential cost of the indemnification exceeds $75,000, exclusive of interest and costs, the amount in controversy threshold has been met.

In this case, Caseyville has filed a petition requesting the appointment of an appraisal umpire. Per the insurance policy, the appraisal umpire will settle the dispute between the parties and determine the total amount of loss for which Caseyville should be compensated. The underlying stakes or the "value of the object of the litigation" is the amount that the appraisal umpire could plausibly require AmGUARD to pay out to Caseyville for damages

to the property. Per both the original Notice of Removal and the Amended Notice of Removal, Caseyville has claimed $665,788.03[2] in losses. (Doc. 18, p. 6; Doc. 1, p. 3). AmGUARD has only paid Caseyville $535,288.04. (*Id.*). This leaves a disputed amount of $130,499.99. (*Id.*). In other words, the appraisal umpire has the authority to determine that Caseyville is owed up to $130,499.99 to compensate them for their losses. Thus, AmGUARD has proven by a preponderance of the evidence that the plausible value of the litigation is $130,499.99. Because the underlying value of the non-monetary relief requested exceeds the amount in controversy threshold, this Court has proper diversity jurisdiction.

Accordingly, Plaintiff's Motion to Remand (Doc. 24) is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 8, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] This is the total after adjustment for the $25,000 deductible.